**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

No. 08-195 T
(Judge Charles F. Lettow)

---

DOMINION RESOURCES, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

**JOINT PRELIMINARY STATUS REPORT**

---

Pursuant to Section III of Appendix A to the Rules of the United States Court of Federal Claims ("RCFC"), the parties hereby submit the following information to the Court:

**(a)** Jurisdiction. The parties agree that to the extent that the Court has jurisdiction over this case, it is conferred by 28 U.S.C. § 1491.

**(b)** Consolidation. The parties are unaware of any other case with which this case should be consolidated.

**(c)** Bifurcation of Trial. In the event of a trial in this case, it is the parties' view that the trial should *not* be bifurcated and that evidence concerning both liability and damages should be presented at one trial. The amount of any "damages" to which the Plaintiff may be found to be entitled (*i.e.*, the computation of any overpayment) will necessarily be resolved after the "liability" issue (see section (h), *infra*) has been decided. As a result, at this time, the parties do not propose that their pretrial

submissions (and/or initial post-trial submissions, if any) should address computational matters. The parties intend to exchange information related to damages in discovery and to work to determine whether the *quantum* of any damages to which the Plaintiff would be entitled can be determined by stipulation. After the Court has resolved the liability issue, however, if the parties are unable to agree on the computation of damages, if any, then, the parties will propose procedures whereby the Court can resolve the computational issue on the basis of the evidence previously submitted at trial.

**(d)** Deferral of Proceedings. The parties know of no case pending before this Court that would justify deferral of proceedings in this case.

**(e)** Remand or Suspension. Neither remand nor suspension will be sought.

**(f)** Additional Parties. The parties know of no additional parties that should be joined to this case.

**(g)** Dispositive Motions. Further factual development of the case is needed to determine whether the case can be resolved through dispositive motions. Although the parties have yet to conduct discovery, the parties believe that they may be able to stipulate to the facts of this case. If so, any legal disputes that are found to exist will likely be amenable to resolution through cross-motions for summary judgment. Once discovery is completed, the parties will be in a better position to determine whether either of them will file any such motion. At this time, neither party intends to file a motion pursuant to RCFC 12(b), 12(c) or 56.

**(h)** Issues. The issue in a tax refund suit is whether the plaintiff can establish an overpayment of taxes in the years before the Court. *See Lewis v. Reynolds*, 284 U.S. 281 (1932); *Dysart v. United States*, 169 Ct. Cl. 276, 340 F.2d 624 (1965). The parties have so far identified the following subsidiary issue:

(i) Whether plaintiff properly computed, for its taxable year 1996, the allocable amount of interest associated with its capital improvement projects that was required to be capitalized, rather than deducted, under Internal Revenue Code § 263A(f) and the applicable regulations.

**(i)** Settlement. It is too early in the proceeding to determine whether this case may be resolved by settlement. Counsel will consider the feasibility of settlement, however, as discovery progresses.

**(j)** Trial. As noted above, the parties have yet to engage in discovery. A trial may be necessary, if the parties are not able to settle any factual issues that arise, or if the issues cannot be disposed of by summary judgment.

**(k)** Special ECM Issues. This case does not currently present any special issues regarding electronic case management.

**(l)** Other Information. The parties are unaware of any other information to which the Court should be made aware at this time.

**(m)** Proposed Discovery Plan. The issue arising under § 263A is complex, as § 263A(f) and the applicable regulations prescribe detailed rules governing the determination of the various components, and the proper allocations, comprising the computation of capitalized interest. The parties therefore propose a 180-day discovery period,

through which the parties will attempt to reach an agreement as to the facts underlying this issue. The parties further suggest that they file a joint status report within 30 days after the close of discovery in order to propose further proceedings to the Court.

Respectfully submitted,

September 8, 2008

s/ Eric R. Fox

ERIC R. FOX
*Attorney of Record*
*Ivins, Phillips & Barker, Chartered*
*1700 Pennsylvania Avenue, NW*
*Suite 600*
*Washington, DC 20006*
*Voice: (202) 662-3406*
*Fax: (202) 393-7601*
*Email: ericfox@ipbtax.com*

Counsel for Plaintiff

September 8, 2008

s/ Jeffrey R. Malo

JEFFREY R. MALO
*Attorney of Record*
*United States Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
*Voice: (202) 305-7539*
*Fax: (202) 514-9440*
*Email: jeffrey.r.malo@usdoj.gov*

NATHAN J. HOCHMAN
*Assistant Attorney General*
STEVEN FRAHM
*Acting Chief, Court of Federal Claims Section*
MARY M. ABATE
*Assistant Chief, Court of Federal Claims Section*

September 8, 2008

s/ Mary M. Abate

Of Counsel

Counsel for Defendant